SAMUEL M. LASKI *v.* PAULINE GOLDMAN AND Her Husband, M. GOLDMAN.

Contracts reprobated by law cannot be enforced in a Court of Justice, and a party plaintiff must abide by his own declarations in that respect.

APPEAL from the Second District Court of New Orleans, *Whitaker,* J. Chas. E. Reynes and *J. Ad. Rozier,* for plaintiff. *Fellows & Mills,* for defendants and appellants.

HYMAN, C. J. Plaintiff, Laski, owned a note for $550 80, made by Pauline Goldman, payable to the order of her husband, Meyer Goldman, and by him endorsed in blank.

On the day of its maturity, 15th May, 1863, defendant, M. Goldman, sent to plaintiff to know of him what he would do with the note. Plaintiff stated that he had nothing to do with it; that Bernard Dreyfus had it, and that he, Dreyfus, could do what he liked with it. Dreyfus, as holder, had it that day protested for non-payment. At another time plaintiff said that he had sold the note to Dreyfus. On the 30th May, 1863, Dreyfus brought suit, as the owner of the note, against defendant, M. Goldman, to receive from him its amount, with interest and costs. To this suit of Dreyfus, defendant, M. Goldman, in his answer, filed 11th June, 1863, pleaded compensation.

The claims set up in compensation, are these notes of Dreyfus for $75 each, dated October, 1858, payable to Goldsmith, Haber & Co., bearing eight per cent. interest from their date (one of the notes was to be credited for $25 on 16th August, 1861), and a judgment against Dreyfus at the suit of S. Kaizer, the amount owing on the judgment being $61 30. These claims, which were due, were for valuable considerations transferred by the owners of them to defendant, M. Goldman, about the 2d June, 1863.

He pleaded, in compensation, another small claim, but he failed to prove it.

In October, 1863, plaintiff, Laski, brought suit in his own name against defendant, to reverse judgment for amount of the note, interest and costs.

Defendant, M. Goldman, in this suit of Laski, pleaded by exception lis pendens, and this plea having been overruled by the Court, he filed an answer, averring therein that he had the right to compensate against plaintiff the claims set up in compensation in the suit of Dreyfus against him, and asked for judgment to that effect.

The District Court rendered judgment, dismissing the suit against Pauline Goldman, dismissing the plea in compensation, and condemning defendant, M. Goldman, to pay plaintiff the amount of the note with interest, costs of protest, and costs of suit.

M. Goldman has appealed from this judgment.

On the trial it was proved, besides what is stated above, that Dreyfus was not the owner of the note, but that plaintiff had placed it in his hands for collection, and had authorized him, Dreyfus, to bring suit therein in his own name.

The suit of Dreyfus was discontinued by him, and the costs paid at the time that the exception of lis pendens was tried, and the District Judge properly overruled it.   See 10 An. 27.

We think that compensation should have been allowed.

Plaintiff has, by his declarations, deceived defendant, M. Goldman, and caused him to expend money to extinguish the note, as a debt owing to Dreyfus, and he must take the consequences resulting from his own declarations.   8 La. 545; 13 La. 132; 4 N. S. 91.

He cannot now deny them so as to make the condition of defendant, M. Goldman, more than it would have been had he spoken the truth.

The interest and costs of protest, added to the amount for which the note was given, made the claim of plaintiff, on the 2d June, 1863, amount to the sum of $555 60.   From this sum must be deducted $333 48.   This last named sum being the amount due by Dreyfus to M. Goldman, 2d June, 1863, on the several claims pleaded in compensation.

It is decreed that that part of the judgment of the District Court, which dismissed the plea in compensation, and condemned defendant, M. Goldman, to pay plaintiff the amount of the note, (say $550 80), with interest, cost of protest, and costs of suit be reversed.   It is further decreed, that defendant, M. Goldman, be condemned to pay plaintiff the sum of two hundred and twenty-two dollars and twelve cents, with interest thereon at the rate of five per cent. per annum, from the 2d day of June, 1863, till paid, and the costs of suit in the District Court; that, in all other respect the judgment of the District Court be affirmed.   The costs of this appeal to be paid by plaintiff.